UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MADISON JOINT VENTURE LLC,** | : | Civil Action No. 19-8012 (JXN) |
| Plaintiff, | : : : | |
| v. | : | REPORT AND RECOMMENDATION |
| **CHEMO RESEARCH S.L., et al.,** | : : : | |
| Defendants. | : : | |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Savant Neglected Diseases LLC ("Savant") to stay these proceedings [ECF No. 78]. Plaintiff Madison Joint Venture LLC ("Madison") opposes Savant's motion [ECF No. 86]. Defendants Chemo Research S.L. ("Chemo") and Exeltis USA, Inc. ("Exeltis") (collectively "Defendants") support Savant's request for a stay of this matter [ECF No. 87]. For the reasons set forth below, it is respectfully recommended that Savant's motion to stay be **GRANTED in part**.

**I.   BACKGROUND**

The Court writes primarily for the parties who are familiar with the factual and procedural history in this case.[1] Madison initiated this action by filing a Complaint against Defendants Chemo, Exeltis, and Sergio Sosa-Estani ("Estani") on March 6, 2019. ECF No. 1. On June 27, 2019, the Court entered a Pretrial Scheduling Order, which stayed general discovery while the parties engaged in jurisdictional discovery. ECF No. 21. During a status conference with the parties on

---

[1] For a fuller recitation of the facts and procedural history, please see the Report and Recommendation dated March 23, 2021 [ECF No. 106].

1

April 1, 2021, the Court entered an order extending the time to complete jurisdictional discovery to July 31, 2021. ECF No. 108.

On September 15, 2020, the parties stipulated to Madison filing an Amended Complaint. ECF No. 72. Madison filed its Amended Complaint on September 17, 2020. ECF No. 75. Madison's claims in the Amended Complaint arise out of Defendants' alleged "improper acquisition, use, and disclosure of Madison's highly valuable trade secrets and confidential information, and their intentional interference with an exclusive license agreement." ECF No. 75, ¶ 1. Madison claims that Defendants' misappropriation enabled them to "beat KaloBios Pharmaceuticals, Inc. ("KaloBios")[2] in the race for Food & Drug Administration ("FDA") approval of benznidazole, a critical treatment for Chagas disease in children, and the accompanying award of a Priority Review Voucher ("PRV")." *Id.*

According to Madison, KaloBios, as part of its bankruptcy reorganization, acquired an exclusive license from Savant in June 2016. ECF No. 75, ¶ 2. The license agreement gave KaloBios the exclusive right to use clinical data compiled by Estani, an Argentinian scientist, relating to the treatment of Chagas disease (the "Estani Data"), which KaloBios would use in seeking expedited FDA approval of benznidazole as a treatment for Chagas disease. ECF No. 75, ¶¶ 2-3. Savant and KaloBios memorialized the transaction in an Agreement for the Manufacture, Development and Commercialization of Benznidazole for Human Use ("MDC").[3]  ECF No. 75, ¶ 39.  On February 27, 2018, Humanigen, formerly KaloBios, transferred to Madison all its assets and claims related to benznidazole. ECF No. 75, ¶ 1, n. 1

After Madison filed its Amended Complaint, Savant filed a motion to intervene and stay the proceedings in this matter. ECF No. 78. Savant alleges in its intervenor complaint that it is the

---

[2] On August 7, 2017, KaloBios changed its name to Humanigen, Inc. ("Humanigen"). ECF No. 75, ¶ 1, n. 1.
[3] A copy of the MDC may be found at ECF No. 35-3.

2

proper owner of the Estani Data because Humanigen materially breached the MDC, which resulted in the exclusive license of the Estani Data reverting to Savant. Savant also asserts claims against Defendants for their alleged misappropriation of the Estani Data. *See* ECF No. 78-3. Prior to intervening in this matter, Savant filed an action against Madison in Delaware to determine the proper owner of the exclusive license of the Estani Data, which has been consolidated with a case Humanigen filed against Savant in Delaware Superior Court. The matter, *Humanigen, Inc., et al. v. Savant Neglected Diseases LLC* (the "Delaware Litigation"), is currently pending.

On March 23, 2021, the Undersigned issued a Report and Recommendation ("R&R"), which granted Savant's motion to intervene and respectfully recommended that Savant's motion to stay these proceedings be granted in part. ECF No. 106. Madison promptly filed its partial objection to the R&R's recommendation to stay proceedings in part, to which Savant and Defendants responded. *See* ECF Nos. 109, 110, 111. On May 4, 2021, Judge Vazquez issued an Order administratively terminating the R&R and remanded the matter to the Undersigned to evaluate the new facts regarding the related matter in Delaware in the first instance. ECF No. 112.

## II.   DISCUSSION

It is well-settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Depomed Inc. v. Purdue Pharma L.P.*, No. 13–0571, 2014 WL 3729349, at *2 (D.N.J. July 25, 2014) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976). In assessing the sustainability of issuing a stay, the Court considers "whether a stay will simplify

issues and promote judicial economy, the balance of harm to the parties, and the length of the stay." *McDonald v. Novartis Pharm., Corp.*, No. 07-655, 2007 WL 4191750, at *1 (D.N.J. Nov. 20, 2007) (quotations and citations omitted).

Madison argues that since the entry of the R&R on this issue, the previous trial date of April 12, 2021 for the Delaware Litigation has been adjourned. ECF No. 109 at p. 11. Madison expects that a jury trial in the Delaware Litigation will not take place until late 2021 or early 2022. *Id.* Madison argues that a stay until such jury trial takes place in the Delaware Litigation, for at least 8-12 months, is unduly prejudicial on its face. *Id.*

Although a stay in these proceedings will be for a longer period than originally contemplated, the Court still recommends that jurisdictional discovery be completed between the parties, but further proceedings, including the filing of any dispositive motions, be stayed until the end of trial in the Delaware Litigation. In reaching this decision, the Court emphasizes the importance of the Delaware Litigation, which will potentially have dispositive consequences for central issues in this matter. *See* R&R at p. 11 (recommending a partial stay of proceedings because of the critical "implication that the Delaware Litigation will potentially have dispositive consequences for central issues in this matter").

The Delaware Litigation will definitively resolve the issue of whether Madison is the proper owner of the exclusive license of the Estani Data, which will in turn affect Defendants' arguments regarding subject matter jurisdiction and Madison's standing to sue which are likely to be raised in the briefing on a motion to dismiss. Thus, a stay of proceedings in favor of the ongoing Delaware Litigation will aid in determining the outcome of this litigation. By staying proceedings, the Court will avoid dissipating both the Court's and the parties' time and energy on litigating the issue of whether Madison has standing to sue Defendants, which may eventually be rendered moot

by the Delaware Litigation.[4] There is also a significant risk of inconsistent determinations between this Court and the Delaware court regarding Madison's standing to sue Defendants if a stay were not in place. *See, e.g.*, *Novartis AG v. HEC Pharm Co.*, No. 15-1647, 2015 WL 5440821, at *3-4 (D.N.J. Sept. 14, 2015) (finding that risk of inconsistent determinations favored a stay of proceedings). Ultimately, the Court finds that a partial stay of these proceedings will promote simplification of the issues and promote judicial economy.

In balancing the harm to the parties, the Court finds that this factor still weighs in favor of a stay of proceedings. The Court agrees with Savant that the delay of proceeding with merits discovery is not substantial enough to mitigate against a stay when compared to the interest in awaiting the conclusion of the Delaware Litigation, which will likely have dispositive consequences for this litigation. *See Nicolas v. Trs. of Princeton Univ.*, No. 17–3695, 2017 WL 6514662, at *3 (D.N.J. Dec. 19, 2017). Although Madison claims that a further stay of merits discovery would result in a loss of evidence (*see* ECF No. 109 at p. 12), the Court notes that these proceedings have already been delayed by a lengthy jurisdictional discovery period, which has been further extended to July 31, 2021, and any additional delay in reaching merits discovery will likely have minimal impact. Furthermore, the Court will be able to better streamline discovery and future proceedings once the Delaware Litigation concludes and the proper plaintiff with standing to assert claims against Defendants is identified. Accordingly, the Court finds that completing jurisdictional discovery, but staying all further proceedings until the end of trial within the Delaware Litigation, strikes an appropriate balance and minimizes harm to all parties.

---

[4] A stay will also be consistent with the Preliminary Injunction Order entered in the Delaware Litigation, which prevents Savant from requesting any court outside of Delaware from making a determination with respect to ownership of any assets or intellectual property. *See* ECF No. 86-3.

Finally, although the trial date for the Delaware Litigation is pending and likely to occur late 2021 or early 2022, the Court still finds this a reasonable length of time especially since the Delaware Litigation will likely have dispositive consequences for this litigation. The Court therefore recommends that jurisdictional discovery be completed between the parties, but further proceedings be stayed, including the filing of any dispositive motions, until the end of trial and a verdict is reached in the Delaware Litigation.[5] Additionally, the Court recommends that any settlement during the pendency of the stay between the parties be subject to Court approval.

### III. CONCLUSION AND ORDER

In light of the foregoing, and the Court having considered this matter pursuant to Fed. R. Civ. P. 78;

**IT IS** on this **13th** day of **July**, **2021**,

**RECOMMENDED** that Savant's motion to stay proceedings [ECF No. 78] be **GRANTED in part**; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. The Clerk of Court is directed to serve the parties with electronic notice upon filing this Report and Recommendation.

s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] If any party in the Delaware Litigation seeks to appeal and believes that this case should be stayed pending appeal, the party should make its motion at the appropriate time.